AUSA: Nicholas Pavlis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANTOINE HATCHER,<br><br>Defendant. | **25 MAG 3232**<br><br>RULE 5(c)(3)<br>AFFIDAVIT |

SOUTHERN DISTRICT OF NEW YORK, ss.:

  LAWRENCE DOYLE, being duly sworn, deposes and says that he is a Deputy U.S. Marshal with the United States Marshals Service (the "USMS") and states as follows:

  On or about November 25, 2023, the United States Attorney for the District of Columbia filed an Information against "Antoine Hatcher" for assault or threatening assault in a menacing manner, in violation of 22 D.C. Code, Section 404; and attempted possession of a dangerous weapon, in violation of 22 D.C. Code, Section 4514(b) (the "Information"). On or about February 14, 2024, the defendant pled guilty to the first charge of "simple assault," and Judge Gerald I. Fisher of the Superior Court of the District of Columbia sentenced "Hatcher" to 90 days' imprisonment and a probationary term of six months. On August 15, 2025, Judge Fisher issued a bench warrant for "Antoine Hatcher" based on his failure to appear for a Probation Show Cause Hearing on March 13, 2024 (the "Bench Warrant"). The Information and Bench Warrant are attached hereto as Exhibit A and incorporated by reference herein.

  On or about October 9, 2025, I spoke with the law enforcement officers who participated in the transfer of ANTOINE HATCHER, the defendant, from Rikers Island to court after his arrest in the Southern District of New York. I believe that HATCHER is the same person as "Antoine Hatcher" who is named in the Bench Warrant.

  The bases for my knowledge and for the foregoing are, in part, as follows:

  1. I am a Deputy U.S. Marshal with the USMS. This affidavit is based upon my personal participation in this matter, as well as on my conversations with other law enforcement officers, my examination of documents, reports, and records, and my personal observations of the defendant. I have been personally involved in determining whether ANTOINE HATCHER, the defendant, is the same person as "Antoine Hatcher," named in the Bench Warrant. Because this affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this affidavit every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

  2. Based on my review of documents from the Superior Court of the District of Columbia, I know that, on or about August 15, 2025, Judge Fisher of the Superior Court of the

District of Columbia issued the Bench Warrant. The Bench Warrant was based on a failure to appear at a March 13, 2024 probation hearing in the Superior Court of the District of Columbia.

3. Based on my conversations with the law enforcement officers who participated in the arrest, I understand that on or about October 9, 2025, at approximately 1:00 p.m., ANTOINE HATCHER, the defendant, was arrested on Rikers Island in the Bronx, New York, pursuant to the Bench Warrant.

4. Based on my conversations with the law enforcement officers who participated in the arrest, and my review of law enforcement records, I believe that ANTOINE HATCHER, the defendant, is the "Antoine Hatcher" named in the Bench Warrant, for the reasons set forth below:

    a. I have reviewed law enforcement pedigree and arrest processing reports regarding "Antoine Hatcher," the person named in the Bench Warrant. That information included a photograph taken of "Antoine Hatcher" on or about February 23, 2024, when "Hatcher" was last processed by the USMS on the Information. Based on my observations of HATCHER, he appears to be the same individual depicted in the photograph of "Antoine Hatcher" in the pedigree reports mentioned above, and who is named in the Bench Warrant.

    b. While processing HATCHER after his arrest on or about October 9, 2025, HATCHER also confirmed his name and date of birth, which matched the information listed on the Bench Warrant. *See* Exhibit A at 3. During USMS processing of HATCHER on October 9, 2025, the USMS also took HATCHER's fingerprints, which matched the fingerprints taken of "Antoine Hatcher" on or about February 23, 2024, *see supra* ¶ 4(a).

5. Accordingly, I believe that the "Antoine Hatcher" named in the Bench Warrant is the same person as ANTOINE HATCHER, the defendant.

WHEREFORE, I respectfully request that ANTOINE HATCHER, the defendant, be imprisoned or bailed, as the case may be.

_____
Lawrence Doyle
Deputy U.S. Marshal
United States Marshals Service

Sworn to before me this
10th day of October, 2025

_____
THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

**UNITED STATES OF AMERICA**

CRIMINAL NO. <u>**2023 CMD 008679**</u>

vs.

ISSUED BY: <u>**GERALD I. FISHER**</u>

<u>**ANTOINE HATCHER**</u>

## BENCH WARRANT

May be served at any place within the jurisdiction of the United States

*Unless Specified Otherwise Below*

TO: The United States Marshal for the Superior Court of America or any other authorized federal officer or the Chief of Police for the District of Columbia.

GREETINGS; YOU ARE HEREBY COMMANDED to arrest the <u>above-named</u> person and bring that person before this Court or other Court enumerated in 18 U.S.C. 3041 to answer to the charge(s) listed below.
( ) YOU ARE FURTHER COMMANDED to execute this warrant FORTHWITH.

---
**BASIS FOR WARRANT AND DESCRIPTION OF CHARGES: Simple Assault**

Defendant failed to appear for Probation Show Cause Hearing on March 13, 2024.

---

*SPECIAL TERRITORIAL LIMITS ON EXECUTION OF WARRANT-THIS SECTION VALID ONLY IF COMPLETED*

Extraterritorial Service of this Warrant is limited to:

WITNESS, the Honorable Chief Judge of the Superior Court of the District of Columbia under the seal of said Court on this date 8/15/2025.

BAIL FIXED BY THE COURT
AT: **NO BOND**

Superior Court of the District of Columbia

BY: _____
Judge GERALD I. FISHER

| Date Received: | Return: This warrant was received and executed with the arrest of the above named person. |
|---|---|
| Date Executed: | Signature of Arresting Officer |

CDFBW

PAGE 2

CRIMINAL NO: **2023 CMD 008679**

### 18 USCS § 3041 (2012)
"For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate [United States magistrate judge], or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the offender may be found, and at the expense of the United States, be arrested and imprisoned, or released as provided in chapter 207 of this title, as the case may be, for trial before such court of the United States as by law has cognizance of the offense.

### D.C. Code § 23-563(a) (2012)
"A warrant or summons for … an offense punishable by imprisonment for more than one year issued by the Superior Court of the District of Columbia may be served at any place within the jurisdiction of the United States."

### D.C. Code § 23-563(c) (2012)
"A person arrested outside the District of Columbia on a warrant issued by the Superior Court of the District of Columbia shall be taken before a judge, commissioner, or magistrate, and held to answer in the Superior Court pursuant to the Federal Rules of Criminal Procedure as if the warrant had been issued by the United States District Court for the District of Columbia."

### D.C. Code § 23-1329(b) (2012)
"A warrant for the arrest of a person charged with violating a condition of release may be issued by a judicial officer and if such person is outside the District of Columbia he shall be brought before a judicial officer in the district where he is arrested and shall then be transferred to the District of Columbia for proceedings in accordance with this section."

### D.C. Code § 23-1329(d) (2012)
"Any warrant issued by a judge of the Superior Court for violation of release conditions or for contempt of court, for failure to appear as required, or pursuant to §23-1322(d)(7), may be executed at any place within the jurisdiction of the United States. Such warrants shall be executed by a United States marshal or by any other officer authorized by law."

### D.C. Code § 24-531.13 (2012)
"When a person has been ordered confined in a hospital for the mentally ill pursuant to this chapter and has escaped from such hospital, the court which ordered confinement shall, upon request of the government, order the return of the escaped person to such hospital. The return order shall be effective throughout the United States. Any federal judicial officer within whose jurisdiction the escaped person shall be found shall, upon receipt of the return order issued by the committing court, cause such person to be apprehended and delivered up for return to such hospital."

### D.C. Code § 24-304 (2012)
Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; **or the court may revoke the order of probation and cause the re-arrest of the probationer** and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence. If imposition of sentence was suspended, the court may impose any sentence which might have been imposed. If probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced.

| REASON FOR ISSUANCE OF WARRANT | IN VIOLATION OF |
|---|---|
| Failure to Appear Generally | D.C. Code § 23-1327 (2012) |
| Failure to Appear- Witness | D.C. Code § 23-1327 (2012) |
| Failure to Appear- Sentencing | D.C. Code § 23-1327 (2012) |
| Failure to Appear- Extradition Hearing | D.C. Code § 23-703 (2012) |
| Violation of Conditions of Release | D.C. Code § 23-1329 (2012) |
| Escape from Jail | D.C. Code § 22-2601 (2012) |
| Escape from Mental Hospital | D.C. Code § 24-531.13 (2012) |
| Probation Violation | D.C. Code § 24-304 (2012) |

CDFBW

PAGE 3

CASE NO.                **2023 CMD 008679**

DEFENDANT'S NAME: **ANTOINE HATCHER**

ALIAS:

LAST KNOWN ADDRESS:
PLACE OF BIRTH:

DATE OF BIRTH:          **12/04/1969**

HEIGHT:

SEX:                    **Male**

HAIR:

SCARS/TATTOOS:

WEIGHT:

DCDC NO.:

PDID NO.:               **764903**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

INFORMATION

DCTN: U23028196
Lockup No.: 23
Case No.: 
Citation Date: 

The United States Attorney for the District of Columbia informs the Court that within the District of Columbia:

Defendant's Name: Antoine Hatcher   764903   23192335   12/04/1969
 (First) (MI) (Last)   (PDID)   (CCNO)   (DOB)

Also Known As: Antoine Hatcher
 (First) (Middle) (Last)

Address:

1. On or about November 24, 2023, within the District of Columbia, Antoine Hatcher unlawfully assaulted and threatened J.R. in a menacing manner. (Assault, in violation of 22 D.C. Code, Section 404 (2001 ed.))

2. On or about November 24, 2023, within the District of Columbia, Antoine Hatcher unlawfully did have in his possession a container, with intent to use it unlawfully against another. (Possession of a Prohibited Weapon, in violation of 22 D.C. Code, Section 4514(b) (2001 ed.))

Co-Defendants:

Rule 105: ☐   Judge:

United States Attorney for the District of Columbia

By: Assistant United States Attorney   Date: November 25, 2023

By Officer:   Badge No.:

PSA: 102   Domestic ☐